J-A03031-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE  FOR MORGAN STANLEY ABS CAPITAL I INC. TRUST 2007-HE2,  MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HE2 | : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : : | |
| v. | : : : | |
| KENNETH TAGGART | : : | |
| Appellant | : | No. 627 EDA 2021 |

Appeal from the Order Entered March 15, 2021
In the Court of Common Pleas of Bucks County
Civil Division at No(s):  No. 2018-05654

BEFORE:   KING, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KING, J.:                    **FILED OCTOBER 12, 2023**

Appellant, Kenneth Taggart, appeals from the order entered in the Bucks County Court of Common Pleas, which granted the motion for summary judgment filed by Appellee, Deutsche Bank National Trust Company, as trustee for Morgan Stanley ABS Capital I Inc. Trust 2007-HE2, Mortgage Pass-Through Certificates, Series 2007-HE2, and entered judgment against Appellant in the amount of $835,182.13.  We affirm.

The trial court set forth the relevant facts and procedural history of this case as follows:

_____

[*] Former Justice specially assigned to the Superior Court.

On October 1, 2018, [Appellee] initially filed this action in mortgage foreclosure against [Appellant] due to an alleged payment default and against the United States of America due to federal tax liens filed against the mortgaged premises. The matter went to mediation at the Bucks County Bar Association on October 24, 2018, concluding on January 16, 2019. No agreement was reached between the Parties and leave was granted for the Parties to proceed with this foreclosure action. [Appellant] was represented by his counsel of record throughout.

\* \* \*

In 2006, [Appellant] entered into a mortgage and loan agreement with Decision One for a loan in the amount of $382,500 ("the Decision One mortgage"). As security for the loan funds he received, [Appellant] agreed Decision One would have a lien on his property located at 45 Heron Road, Holland, Bucks County, Pennsylvania 18966. Under the terms of the mortgage agreement Decision One named Mortgage Electronic Registration Systems, Inc. ("MERS") as its nominee and mortgagee. On July 13, 2010, MERS assigned the Decision One mortgage to [Appellee]. Thus, in 2010, [Appellee] became the mortgagee under the Decision One mortgage.

On June 27, 2018, [Appellee] gave notice to [Appellant] of its intention to foreclose on the Decision One mortgage because of [Appellant]'s default and failure to make timely payments in accordance with the loan terms. As of June 27, 2018, [Appellee] claimed [Appellant] was in default for $392,303.52.

(Trial Court Opinion, filed 4/22/21, at 1-3).

On January 31, 2019, Appellant filed preliminary objections to Appellee's complaint, which the trial court overruled on March 22, 2019. Appellant filed an answer with new matter and counterclaims on April 11, 2019. Appellant withdrew all his counterclaims on May 31, 2019. Appellant filed a motion to dismiss on November 23, 2020, and Appellee filed a motion for summary

judgment on December 16, 2020. On February 22, 2021, Appellant filed a motion for extension of time to respond to Appellee's motion for summary judgment despite having already filed responses in opposition on January 19, 2021, February 8, 2021, and February 19, 2021. The court denied Appellant's motion for extension of time on March 2, 2021, and Appellant filed a notice of appeal on the same day. Appellant filed an additional response in opposition to Appellee's motion for summary judgment on March 4, 2021.

The trial court denied Appellant's motion to dismiss on March 12, 2021, and Appellant filed a second notice of appeal on the same day. On March 15, 2021, the court granted Appellee's motion for summary judgment. Appellant filed the instant notice of appeal on March 17, 2021. The court subsequently ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal and Appellant complied on March 25, 2021, April 5, 2021, and April 7, 2021, in relation to each order from which he appealed. On June 29, 2021, this Court quashed Appellant's first two appeals, noting that they were taken from interlocutory and unappealable orders. This Court specified that Appellant may raise all preserved issues relating to the interlocutory orders in the instant appeal taken from the final order granting Appellee's motion for summary judgment.

Appellant raises the following issues for our review:

1. Did the court err when it denied an extension of time to Appellant on March 2, 2021?

2. Did the court err when it denied discovery requests of

- 3 -

Appellant on June 22, 2019?

3. Did the court err when it [overruled] preliminary objections on March 22, 2019?

4. Did the court err when it concluded it had jurisdiction and authority to pronounce judgment on March 15, 2021 pursuant to Pa.R.A.P. 1701 after the order of March 12, 2021 was "deemed final" and appealed the same day?

5. Did the court err when it concluded it had jurisdiction and authority to pronounce judgment on March 15, 2021?

   a) as Appellee failed to evince admissible evidence of debt pursuant to *Bayview Loan Servicing LLC v. Wicker*, [651 Pa. 545,] 206 A.3d 474 [(2019)] and *U.S. Bank, N.A. v. Pantenis*, [118 A.3d 386 (Pa.Super. 2015)]?

   b) as Appellee failed to produce evidence that they sent a "Notice of Intent to Accelerate" the loan pursuant to 15 and 22 of the mortgage and the Note at 7(c) prior to the acceleration of the loan in June 2010?

   c) as Appellee failed to produce evidence that they sent a "Notice of Intent to Accelerate" the loan pursuant to "Act 91"?

   d) as Appellee failed to produce evidence that they sent a "Notice of Intent to Foreclose" the loan pursuant to 15 and 22 of the mortgage and the Note at 7(c) prior to the acceleration of the loan in June 2010?

   e) as Appellee failed to produce evidence that they were the owner of the note and mortgage despite Appellee's admission that the loan was not in the trust, nor could provide evidence of a valid transfer of the note and mortgage.

6. Did the court err when it concluded that Appellee's claims were not barred by applicable defenses to claims, including the statute of limitations, *res judicata*, collateral estoppel, the statute of frauds, defenses under article three of the Pennsylvania UCC [not a party entitled to enforce] and

failure to mitigate claims and rescind loan?

(Appellant's Brief at 6-7) (sections of repetition omitted and reordered for purpose of disposition).

Preliminarily, we recognize that appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. Regarding the argument section of an appellate brief, Rule 2119(a) states:

> **Rule 2119.  Argument**
>
> **(a)    General rule.**—The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a).  Importantly, where an appellant fails to properly raise or develop his issues on appeal, or where his brief is wholly inadequate to present specific issues for review, a court will not consider the merits of the claims raised on appeal.  **See Butler v. Illes**, 747 A.2d 943 (Pa.Super. 2000) (holding appellant waived claim where she failed to set forth adequate argument concerning her claim on appeal; appellant's argument lacked meaningful substance and consisted of mere conclusory statements; appellant failed to cogently explain or even tenuously assert why trial court abused its discretion or made error of law).  **See also Lackner v. Glosser**, 892 A.2d 21 (Pa.Super 2006) (explaining appellant's arguments must adhere to rules of appellate procedure, and arguments which are not appropriately developed

are waived on appeal; arguments not appropriately developed include those where party has failed to cite any authority in support of contention); *Estate of Haiko v. McGinley*, 799 A.2d 155 (Pa.Super. 2002) (stating rules of appellate procedure make clear appellant must support each question raised by discussion and analysis of pertinent authority; absent reasoned discussion of law in appellate brief, this Court's ability to provide appellate review is hampered, necessitating waiver of issue on appeal).

Instantly, Appellant's brief entirely fails to proffer any argument to support his first three issues on appeal. Appellant's brief does not have a specific section in his argument addressing these claims, fails to explain how the trial court abused its discretion or made an error of law in relation to these claims, and fails to discuss the merits of these claims or cite to relevant authority to support them. Accordingly, Appellant has waived his first three issues on appeal. *See* Pa.R.A.P. 2119(a); *Glosser, supra*; *Estate of Haiko, supra*; *Butler, supra*.

In his fourth issue on appeal, Appellant contends that he filed a notice of appeal to the court's March 12, 2021 order denying his motion to dismiss prior to the court's grant of summary judgment. Appellant asserts that he "filed a *praecipe* to deem the order as final of March 12, 2021, and a contemporaneous appeal the same day." (Appellant's Brief at 9). Appellant concludes that thereafter, the court lacked jurisdiction to enter summary judgment on March 15, 2021 pursuant to Pa.Ra.A.P. 1701, and this Court

must vacate the court's grant of summary judgment. We disagree.

The Pennsylvania Rules of Appellate Procedure set forth the authority of the trial court after an appeal is filed as follows:

> **Rule 1701. Effect of Appeal Generally**
>
> **(a) General rule.**—Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter.
>
> **(b) Authority of a trial court or other government unit after appeal.**—After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:
>
> *     *     *
>
> (6) Proceed further in any matter in which a non-appealable interlocutory order has been entered, notwithstanding the filing of a notice of appeal or a petition for review of the order.

Pa.R.A.P. 1701(a), (b)(6). Therefore, the trial court retains jurisdiction to enter judgment if an appeal is taken from a non-appealable interlocutory order. *See **Melani v. Northwest Engineering, Inc.**,* 909 A.2d 404, 406 (Pa.Super. 2006) (holding that appeal before entry of judgment did not divest trial court of jurisdiction where appeal was from interlocutory order).

An appeal may be taken from: (1) a final order or an order certified as a final order; (2) an interlocutory order as of right; (3) an interlocutory order by permission; or (4) a collateral order. *See* Pa.R.A.P. 341, 311, 312, and 313, respectively. An appeal may be taken as of right from an order sustaining

jurisdiction over the person or over real property if: "(1) the plaintiff, petitioner, or other party benefiting from the order files of record within ten days after the entry of the order an election that the order shall be deemed final; or (2) the court states in the order that a substantial issue of venue or jurisdiction is presented." Pa.R.A.P. 311(b)(1), (2).

Instantly, Appellant attached to his notice of appeal from the court's March 12, 2021 order a notice stating that Appellant deemed the order denying Appellant's motion to dismiss as final pursuant to Pa.R.A.P. 311(b)(1) and (2). Nevertheless, Appellant has no authority to deem an order final pursuant to Section 311(b)(1), as it only permits an appeal as of right if the plaintiff, petitioner or other party **benefiting from the order** files an election that the order shall be deemed final. Appellant did not benefit from the March 12, 2021 order denying his motion to dismiss in any way and as such, his attempted election to deem the order final did not perfect our jurisdiction. Additionally, the court did not state in its order that a substantial issue of jurisdiction was presented. *See* Pa.R.A.P. 311(b)(2). As Appellant does not assert that the March 12, 2021 order was appealable on any other grounds, we agree with the trial court's assessment that the March 12, 2021 order was a non-appealable interlocutory order. Accordingly, the court retained jurisdiction to pronounce judgment on March 15, 2021, notwithstanding Appellant's filing of a notice of appeal on March 12, 2021. *See* Pa.R.A.P. 1701(b)(6); *Melani, supra*.

- 8 -

In his fifth and sixth issues combined, Appellant asserts that the court did not have jurisdiction to enter summary judgment because Appellee failed to establish that it was the successor in interest of the debt, failed to present admissible evidence of payment history, and failed to send the required notices prior to filing the foreclosure action. Specifically, Appellant argues that a genuine issue of material fact exists as to whether Appellee is the successor in interest to the mortgage because Appellee did not produce any evidence to demonstrate that a valid transfer of the mortgage took place in compliance with the pooling and servicing agreement. Appellant further contends that a genuine issue of fact exists regarding whether Appellee owns the note because the note was transferred after Decision One Mortgage, LLC, the originator of the note, was no longer in business. Additionally, Appellant alleges that Appellee failed to present any reliable evidence of the amount of indebtedness because Appellee was unable to authenticate the documents containing payment history and the records on their face were untrustworthy and incomplete. Appellant also alleges that Appellee failed to send notices to Appellant as required by the mortgage, note, and pursuant to Act 6, Act 91, and 13 Pa.C.S.A. 3503.

Appellant also contends that the court failed to consider the affirmative defenses that he raised as new matter in his complaint and in opposition to Appellee's motion for summary judgment. Appellant asserts that Appellee's claims are barred by the statute of limitations, *res judicata*, collateral estoppel,

the statute of frauds, the doctrine of laches, and defenses pursuant to 13 Pa.C.S.A. § 3202(b). Appellant concludes the court erred in granting summary judgment when Appellee failed to establish standing and Appellant raised genuine issues of material fact and applicable defenses, and this Court should vacate the order granting summary judgment. We disagree.

Our standard of review of an order granting summary judgment requires us to determine whether the trial court abused its discretion or committed an error of law. *Mee v. Safeco Ins. Co. of America*, 908 A.2d 344, 347 (Pa.Super. 2006). Our Supreme Court has clarified our role on appellate review as follows:

> [T]he issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo*. This means we need not defer to the determinations made by the lower tribunals. To the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record.

*Valley National Bank v. Marchiano*, 221 A.3d 1220, 1222 (Pa.Super. 2019) (quoting *Summers v. Certainteed Corp.*, 606 Pa. 294, 307, 997 A.2d 1152, 1159 (2010)). Our scope of review is plenary. *Pappas v. Asbel*, 564 Pa. 407, 418, 768 A.2d 1089, 1095 (2001), *cert. denied*, 536 U.S. 938, 122 S.Ct. 2618, 153 L.Ed.2d 802 (2002).

In reviewing a trial court's grant of summary judgment,

> [W]e apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts

- 10 -

as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party.

Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of [a] cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. In other words, whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense, which could be established by additional discovery or expert report and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Thus, a record that supports summary judgment either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense.

Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions.

**Chenot v. A.P. Green Services, Inc.**, 895 A.2d 55, 61 (Pa.Super. 2006)

(internal citations and quotation marks omitted).

In an action for mortgage foreclosure, the mortgagee is entitled to summary judgment if:

the mortgagors admit that the mortgage is in default, that they have failed to pay interest on the obligation, and that the recorded mortgage is in the specified amount. This is so even if the mortgagors have not admitted the total amount of the indebtedness in their pleadings.

**Cunningham v. McWilliams**, 714 A.2d 1054, 1057 (Pa.Super. 1998), *appeal*

*denied*, 557 Pa. 653, 734 A.2d 861 (1999) (internal citations omitted).

"In response to a summary judgment motion, the nonmoving party cannot rest upon the pleadings, but rather must set forth specific facts demonstrating a genuine issue of material fact." ***Bank of Am., N.A. v. Gibson***, 102 A.3d 462, 465 (Pa.Super. 2014), *appeal denied*, 631 Pa. 722, 112 A.3d 648 (2015). General denials of averments in a pleading have the effect of an admission. Pa.R.C.P. 1029(b). Additionally, "in mortgage foreclosure actions, general denials by mortgagors that they are without information sufficient to form a belief as to the truth of averments as to the principal and interest owing must be considered an admission of those facts." ***First Wisconsin Tr. Co. v. Strausser***, 653 A.2d 688, 692 (Pa.Super. 1995).

Additionally:

> Pennsylvania Rule of Civil Procedure 2002 provides, "[e]xcept as otherwise provided ... all actions shall be prosecuted by and in the name of the real party in interest, without distinction between contracts under seal and parol contracts." Pa.R.C.P.2002(a); ***see also J.P. Morgan Chase Bank, N.A. v. Murray***, 63 A.3d 1258, 1258 (Pa.Super. 2013) (finding a debtor's claim that appellee bank was not a real party in interest to bring foreclosure action was a challenge to appellee's standing)…
>
> In a mortgage foreclosure action, the mortgagee is the real party in interest. This is made evident under our Pennsylvania Rules of Civil Procedure governing actions in mortgage foreclosure that require a plaintiff in a mortgage foreclosure action specifically to name the parties to the mortgage and the fact of any assignments. Pa.R.C.P. 1147. A person foreclosing on a mortgage, however, also must own or hold the note…. [T]o establish standing in [a] foreclosure action, [the mortgagee] ha[s] to plead ownership of the mortgage under Rule 1147, and have the

right to make demand upon the note secured by the mortgage.

***CitiMortgage, Inc. v. Barbezat***, 131 A.3d 65, 68 (Pa.Super. 2016) (some internal citations omitted).

A note secured by a mortgage is a negotiable instrument, as that term is defined by the Pennsylvania Uniform Commercial Code ("PUCC"). ***See J.P. Morgan Chase Bank, N.A. v. Murray***, 63 A.3d 1258, 1263 (Pa.Super. 2013). "Pursuant to the PUCC, a debtor who satisfies his obligations under a negotiable instrument cannot be required to do so again, even if the recipient of the debtor's performance is not the holder of the note in question." ***Id.*** (citing 13 Pa.C.S.A. § 3602(a)). "Under the PUCC, a borrower is not in peril of double liability or injury by an allegedly defective assignment, for if the assignment to the foreclosing party had been defective, the borrower would not have to pay on the note to another party. Thus, … a borrower lacks standing to challenge the validity of the assignment." ***Gerber v. Piergrossi***, 142 A.3d 854, 862 (Pa.Super. 2016), *appeal denied*, 641 Pa. 179, 166 A.3d 1215 (2017) (holding that mortgagee was entitled to summary judgment despite mortgagor's claim that assignment of mortgage and note were invalid when mortgagee averred that it was the holder of mortgage and produced copies of recorded mortgage, note, and recorded assignment).

Instantly, the trial court found that Appellee was entitled to summary judgment based on the following findings:

The evidentiary record showed [Appellant] entered into a

- 13 -

mortgage agreement with Decision One on September 16, 2006 for $382,500. There was also an accompanying promissory note in which [Appellant] promised to pay back the $382,500 loan. Additionally, [Appellant] agreed to pay a yearly interest rate of 7.94% on the loan and a late charge fee of 5% of the overdue principal and interest. Initially, Decision One named MERS as the assignee of the Decision One mortgage. However, on July 13, 2010, MERS assigned the Decision One mortgage to Deutsche Bank. Thus, the evidentiary record clearly proved that as of July 13, 2010, [Appellant] was the mortgagor under the Decision One mortgage and [Appellee] was the mortgagee.

On June 27, 2018, [Appellee] sent [Appellant] a Notice of Intention to Foreclose the Mortgage because of [Appellant] defaulting on the payments due under the terms of the mortgage. According to the evidentiary record, [Appellant]'s last mortgage payment was on February 27, 2009. Furthermore, the evidence showed [Appellant] had accumulated substantial late fee charges and unpaid interest because of his failure to make timely payments on his mortgage. Thus, the evidentiary record clearly showed [Appellant] had defaulted on the Decision One mortgage by virtue of failure to make the required monthly payments due from 2009 to the present. As of this appeal, [Appellant] has not paid the mortgage payments due for over twelve years.

(Trial Court Opinion at 9-10).

The court's findings are supported by the record. Appellant does not allege that the documents proffered by Appellee are forgeries. Rather, Appellant denies Appellee's claim of ownership to the mortgage and note based on allegations that the assignment was invalid. Nevertheless, Appellant lacks standing to challenge the validity of the assignment.[1] *See Gerber,*

_____

[1] On March 4, 2023, Appellant filed an application for relief with this Court requesting that we take judicial notice that the challenge raised by Appellant
*(Footnote Continued Next Page)*

*supra*. Accordingly, Appellant's general denials and allegations of deficiencies in the assignment are insufficient to overcome Appellee's averments and offer of proof establishing that Appellee rightfully holds the mortgage and note and as such, has standing to pursue this foreclosure matter. *See CitiMortgage, Inc., supra*; *Gibson, supra*; *Cunningham, supra*; *First Wisconsin Tr. Co., supra*.

Regarding Appellant's claim that Appellee did not proffer any trustworthy evidence of the amount of indebtedness, Appellant cites to *Bayview Loan Servicing LLC v Wicker, supra* and *U.S. Bank, N.A. v. Pantenis, supra* to support his argument. In both cases, this Court considered the extent of knowledge required for a witness to authenticate a mortgagee's records of loan history to satisfy the business records exception

---

to the assignment of the mortgage and note is a matter of first impression. To support this claim, Appellant asserts that his challenge is distinguishable to that in *Gerber* because Appellant is claiming that the transfer of the mortgage and note was an impossibility. Nevertheless, Appellant fails to distinguish this Court's holding in *Gerber* in any meaningful way. Appellant further fails to explain how he would be in peril of double liability or injury as a result of an invalid assignment, which was the basis for this Court's conclusion that a mortgager lacked standing to challenge the assignment of a mortgage. Additionally, in support of its holding in *Gerber*, this Court cited with approval *In re Walker*, 466 B.R. 271 (Bankr.E.D.Pa. 2012), in which the Bankruptcy court specifically held that a borrower lacks standing to "request a judicial determination that a loan assignment is invalid due to noncompliance with a pooling and servicing agreement, when the borrower is neither a party to nor a third party beneficiary of the securitization agreement." *Id.* at 285. This is precisely the issue that Appellant raises in this matter. Accordingly, Appellant has failed to establish that the instant matter is outside of the purview of this Court's holding in *Gerber* and we deny Appellant's request for relief.

to the hearsay rule under Pa.R.E. 803(6).[2] In both cases, the mortgagee attempted to authenticate loan history documents that were created by a prior servicer with an authenticating witness who was a representative of the current servicer. In *Pantenis*, the authenticating witness testified that he had no knowledge of how the prior servicer maintained their records and whether those records were reliable and could not account for records that were missing for a period of over a year and an unexplained increase of $6,000.00 in the principal amount. The mortgager also testified that she made payments that were unaccounted for in the records presented. On those

---

[2] Rule 803(6) provides an exception to the general exclusion of hearsay evidence in permitting the admission of a recorded act, event or condition if:

> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a "business," which term includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> (E) neither the source of information nor other circumstances indicate a lack of trustworthiness.

Pa.R.E. 803(6).

facts, this Court held that the records were untrustworthy and excluded the records as hearsay. In **Bayview Loan Servicing**, our Supreme Court confirmed that a third-party witness outside of the organization that created the loan records could provide sufficient testimony to demonstrate the trustworthiness of the records depending on the specific facts of the matter. In that case, the loan history documents presented were admitted because the authenticating witness testified that he was familiar with the recording process used by the prior servicer, that the records went through an extensive "boarding" process when acquired by the current servicer, and the mortgagor did not identify any facial lapses or errors in the documents.

Here, Appellant deposed Giovanni Amaya and Nicholas Raab, both of whom were designated record custodians of Specialized Loan Servicing, LLC ("SLS"), the servicer of the loan at the time of the foreclosure proceedings. Mr. Amaya and Mr. Raab testified that the loan was originated by Decision One and subsequently serviced by Wells Fargo until February 1, 2017, when SLS became the servicer. Mr. Amaya and Mr. Raab stated that the archived loan data from Wells Fargo underwent an extensive "boarding" process when SLS received the data, which involved multiple reviews to ensure accuracy. Mr. Amaya and Mr. Raab further testified that although SLS does not use the same recording system as Wells Fargo, they were very familiar with the system that Wells Fargo used and interacted with it quite often. Mr. Raab elaborated that Wells Fargo's recording system is substantially similar to the

system used by SLS.

Both parties acknowledged that they did not have loan history data from Decision One, which spans approximately the first four months after the loan's origination. During this time period, one loan payment would have become due. Mr. Raab testified that although they do not have Decision One's record of this payment, the archived loan data from Wells Fargo, which begins at the second payment that became due, demonstrates that the first payment was paid without the accumulation of any fees or credits to the account. On this record, we find no error in the trial court's reliance on the payment history documents submitted by Appellee to grant summary judgment. Appellee's record custodians testified to facts that were similar to those our Supreme Court deemed sufficient to satisfy the business records exception to hearsay in *Bayview Loan Servicing*. Although Appellee's records are missing data of one payment, the subsequent data showed that the payment was made, and Appellant does not allege any facial errors in the payment history or allege that any specific payments were unaccounted for. Accordingly, we find no error in the court's reliance on the payment history produced by Appellee. *See Bayview Loan Servicing LLC, supra*; *Cunningham, supra*.

Regarding Appellant's claim that Appellee failed to send notices required by the note, mortgage, Act 6, Act 91, and 13 Pa.C.S.A. § 3503, Appellee averred and provided payment history documents to show that the mortgage has been in default since March 1, 2009. Accordingly, Appellee was not

required to send an Act 91 notice because the loan has been in default for more than 24 months. *See* 35 P.S. § 1680.403c(f)(1) (stating that notice under Act 91 is not required "to any mortgagor who is more than twenty-four (24) consecutive or nonconsecutive months in arrears on the residential mortgage in question, no matter what the reason therefor").[3] Additionally, Appellant failed to provide any authority to demonstrate that Appellee was required to send a notice of dishonor pursuant to 13 Pa.C.S.A. § 3503 prior to initiating a foreclosure proceeding.[4] Appellant further failed to rebut

_____

[3] On February 28, 2023, Appellant filed an application for relief in this Court requesting that we take judicial notice of the adjudicative facts in *In re Whitfield*, 578 B.R. 273 (Bankr.E.D.Pa. 2017). Specifically, Appellant requests this Court to take notice that the court in *In re Whitfield* found that an Act 91 notice was a condition precedent to a mortgage foreclosure action. Based on our determination that an Act 91 notice was not required in this case due to the length of time the loan was in default, *In re Whitfield* is not applicable here and as such, we deny Appellant's application for relief.

[4] 13 Pa.C.S.A. § 3503 provides in relevant part:

> **§ 3503. Notice of dishonor**
>
> **(a) Requirement of notice.**—The obligation of an indorser … and the obligation of a drawer … may not be enforced unless:
>
>> (1) the indorser or drawer is given notice of dishonor of the instrument complying with this section; or
>>
>> (2) notice of dishonor is excused under section 3504(b) (relating to excused presentment and notice of dishonor).

*(Footnote Continued Next Page)*

Appellee's claim that it sent a notice as required by Act 6 and the provisions of the mortgage and note by certified mail on June 27, 2018. Appellee attached a copy of the notice to its complaint. The notice gives a breakdown of the total amount due, informs Appellant of his right to cure the default, and discloses that Appellee intends to initiate foreclosure proceedings if the default is not cured within the allotted time period. Appellant's unsubstantiated denial that the notice was sent is insufficient to create a genuine issue of material fact. *See Gibson, supra*; *Chenot, supra*.

Additionally, we see no merit to Appellant's claims that the June 27, 2018 notice was insufficient because Appellee sent the notice after it accelerated the loan. In support of this claim, Appellant notes that Appellee previously initiated two foreclosure proceedings against Appellant based on the same mortgage and note in 2010. In both prior complaints, Appellee alleged that it accelerated the loan in 2010. Appellant claims that the loan was never deaccelerated after the prior proceedings were withdrawn and/or dismissed because Appellee never sent Appellant a notice of deacceleration.

_____

**(b) Manner of notice.**—Notice of dishonor may be given by any person; may be given by any commercially reasonable means, including an oral, written or electronic communication; and is sufficient if it reasonably identifies the instrument and indicates that the instrument has been dishonored or has not been paid or accepted. Return of an instrument given to a bank for collection is sufficient notice of dishonor.

13 Pa.C.S.A. § 3503.

Nevertheless, Appellant fails to provide any authority to support his contention that Appellee was required to send a notice of deacceleration.

Additionally, all the evidence of record suggests that Appellee deaccelerated the loan. Mr. Raab stated during his deposition that the loan was deaccelerated after the prior proceedings were withdrawn and/or dismissed. The payment history shows that the payments continued to become due and late fees continued to accumulate after the prior proceedings were concluded. Additionally, the notice sent on June 27, 2018 states that Appellant has the ability to cure the default for an amount less than the total amount demanded in the instant complaint when Appellee claims the loan was accelerated. Appellee failed to present any evidence to demonstrate that the loan was not deaccelerated and as such, has failed to raise a genuine issue of material fact. **See Gibson, supra**; **Chenot, supra**. Accordingly, we see no error with the court's conclusion that Appellee's June 27, 2018 notice was properly sent. **See Mee, supra**.

With respect to Appellant's affirmative defenses, Appellant failed to allege any meritorious defenses to prevent the entry of summary judgment. Appellant's claim that the instant action is barred by *res judicata* and collateral estoppel based on the prior two actions filed by Appellee merits no relief because Appellant failed to establish that the prior actions were adjudicated on the merits. **See Matternas v. Stehman**, 642 A.2d 1120, 1123 (Pa.Super. 1994) (explaining that doctrines of *res judicata* and collateral estoppel serve

to preclude litigation, respectively, of claims and issues for which final judgment on merits has previously been entered by court of competent jurisdiction). Additionally, the instant action is based on an additional period of default with a new sum for damages. ***See U.S. Bank Nat'l Ass'n as Tr. for Citigroup Mortg. Loan Tr. 2006-WFHE3, Asset-Backed Pass-Through Certificates, Series 2006-WFHE3 v. Davis***, 232 A.3d 952, 958 (Pa.Super. 2020) (holding that mortgagee's subsequent foreclosure action was not barred by *res judicata* because new action was based on different span of time and different period of default). Appellant also failed to establish that he is entitled to relief based on the doctrine of laches because Appellant did not plead any specific prejudice suffered as a result of the delay. ***See Fulton v. Fulton***, 106 A.3d 127, 131 (Pa.Super. 2014) (stating: "The party asserting laches as a defense must present evidence demonstrating prejudice from the lapse of time. Such evidence may include establishing that a witness has died or become unavailable, that substantiating records were lost or destroyed, or that the defendant has changed his position in anticipation that the opposing party has waived his claims").

Additionally, there is no merit to Appellant's claim that he is entitled to rescind on the loan pursuant to 13 Pa.C.S.A. § 3202 because the original lender failed to disclose all the terms of the loan within three days.[5] Section

---

[5] 13 Pa.C.S.A. § 3202 provides:
*(Footnote Continued Next Page)*

- 22 -

3202(b) specifically states that this remedy cannot be asserted against a subsequent holder in due course. *See* 13 Pa.C.S.A. § 3202(b). Appellant also failed to establish that Appellee's claims are barred by the statute of frauds because Appellant merely reasserts his argument that Appellee failed to present reliable documents to demonstrate that it owned the mortgage and note. Finally, Appellant's claim that the action is barred by the statute of limitations also fails. The statute of limitations for a negotiable instrument under seal is 20 years and Appellee filed the instant action within that proscribed time period.[6] *See* 42 Pa.C.S.A. § 5529(b)(1) (stating: "an action

---

**§ 3202. Negotiation subject to rescission**

**(a) General rule.**—Negotiation is effective even if obtained:

> (1) from an infant, a corporation exceeding its powers or a person without capacity;

> (2) by fraud, duress or mistake; or

> (3) in breach of duty or as part of an illegal transaction.

**(b) Rescission or other remedies.**—To the extent permitted by other law, negotiation may be rescinded or may be subject to other remedies, but those remedies may not be asserted against a subsequent holder in due course or a person paying the instrument in good faith and without knowledge of facts that are a basis for rescission or other remedy.

[6] Appellant filed an application for relief with this Court on June 7, 2023. Therein, Appellant asks this Court to dismiss the action because the applicable
*(Footnote Continued Next Page)*

upon an instrument in writing under seal must be commenced within 20 years"). *See also Valley Nat'l Bank v. Marchiano*, 221 A.3d 1220, 1223 (Pa.Super. 2019) (holding that mortgage with acknowledgement that it was signed, sealed and delivered was constructively under seal). Based on the foregoing, we agree with the trial court that Appellant failed to raise any genuine issues of material fact to rebut Appellee's foreclosure claim.[7] *See Gibson, supra*; *Chenot, supra*. Accordingly, we affirm.

Order affirmed.

_____

statute of limitations to this matter is four years, pursuant to 42 Pa.C.S.A. § 5525(a)(8), which sets the statute of limitation for an action upon a contract, obligation or liability founded upon a writing not otherwise specified at four years. Appellant alleges that the mortgage and note in this matter are not subject to the 20-year statute of limitations as set forth in 42 Pa.C.S.A. § 5529(b) because at the time the contract was entered into on September 15, 2006, the 20 year statute of limitation was set to expire on June 27, 2018, under the version of the statute then in effect. *See* 42 Pa.C.S.A. § 5529(b)(2) (stating this subsection shall expire June 27, 2018) (effective until June 24, 2018). Appellant acknowledges that the statute was amended on June 25, 2018, deleting the portion of the statute which set forth an expiration date. Nevertheless, Appellant insists that because the expiration date was in place at the time Appellant entered into the mortgage, the 20-year statute of limitation "expired" for purposes of the enforcement of this mortgage and reverted to the four-year statute of limitation set forth in Section 5525(a)(8). Nevertheless, a plain interpretation of our legislature's action in removing the expiration provision indicates that the 20-year statute of limitations was in place at the time Appellant entered into the mortgage and continues to be in effect today. Accordingly, we deny Appellant's application for relief.

[7] On February 16, 2023, this Court entered an order denying Appellant's application to stay proceedings or *supersedes* pending resolution of this appeal. On March 1, 2023, Appellant filed an application for reconsideration of this order. In support of his request, Appellant reiterates the same claims he raised on appeal regarding the impropriety of the trial court's entry of summary judgment. Based on our disposition, we deny Appellant's request.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/12/2023