J-A16004-19
J-A16006-19
J-A16008-19

2019 PA Super 322

| | | |
|---|---|---|
| VALLEY NATIONAL BANK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PHILIP M. & SANDRA E. MARCHIANO | : | |
| | : | |
| Appellants | : | No. 2002 MDA 2018 |

Appeal from the Order Entered November 9, 2018
In the Court of Common Pleas of Berks County Civil Division at No(s):
17-20530

\*\*\*\*\*

| | | |
|---|---|---|
| VALLEY NATIONAL BANK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN GABBETT AND SUSAN GABBETT | : | |
| | : | |
| | : | No. 1985 MDA 2018 |
| Appellants | : | |

Appeal from the Order Entered November 8, 2018
In the Court of Common Pleas of Berks County Civil Division at No(s):
17-20546

\*\*\*\*\*

| | | |
|---|---|---|
| VALLEY NATIONAL BANK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |

J-A16004-19
J-A16006-19
J-A16008-19

| MARK A. RIVOLI AND KENDRA G. RIVOLI | : | No. 2087 MDA 2018 |
|---|---|---|
| | : | |
| Appellants | : | |

Appeal from the Order Entered December 5, 2018
In the Court of Common Pleas of Berks County Civil Division at No(s):
17-20559

BEFORE:   LAZARUS, J., MURRAY, J., and STEVENS,* P.J.E.

OPINION BY LAZARUS, J.:                           **FILED OCTOBER 24, 2019**

In this consolidated appeal,[1] Philip M. & Sandra E. Marchiano, Appellants at 2002 MDA 2018, Brian & Susan Gabbett, Appellants at 1985 MDA 2018, and Mark A. & Kendra G. Rivoli, Appellants at 2087 MDA 2018 (collectively "Mortgagors"), appeal from orders granting summary judgment in favor of Appellee, Valley National Bank ("Valley National"). After careful review, we affirm.

All three cases originate from the same operative facts. In May 2007, Brian Gabbett, as president of Twisted Ice Incorporated d/b/a/ Soft Pretzel Factory ("TWI"), executed a promissory note to document a $265,000 small business loan to TWI. The loan was secured by three mortgages on Mortgagors' properties. In November 2012, TWI defaulted on the loan. Valley National accelerated the loan and sent Mortgagors demand letters on October

---

* Former Justice specially assigned to the Superior Court

[1] This Court *sua sponte* consolidated the appeals because they involve related issues and parties. **See** Pa.R.A.P. 513 (permitting *sua sponte* consolidation).

- 2 -

4, 2016. In November 2017, Valley National initiated mortgage foreclosure actions against all Mortgagors. In July 2018, Valley National filed a motion for summary judgment. In August 2018, Mortgagors filed an answer to Valley National's motion and filed a cross-motion for summary judgment. All parties agreed that the loan was in default. Mortgagors' raised the defense of the statute of limitations.

On November 5, 2018, the trial court granted summary judgment in favor of Valley National finding that the document was under seal and, thus, subject to a twenty-year statute of limitations. These timely appeals followed.

Mortgagors raise the following issue for our review:

Whether the trial [court] committed an error of law or abused its discretion or otherwise violated Appellants' federal and state constitutional rights to due process by granting [Valley National's] motion for summary judgment based [on] its conclusion that the [mortgages] in controversy [were] instrument[s] signed under seal, not subject to the four-year statute of limitations set forth at 42 Pa.C.S.A. § 5525.

Appellants' brief, at 4.

Mortgagors challenge the trial court's order granting summary judgment in favor of Valley National. Our Supreme Court has clarified our role on appellate review as follows:

On appellate review, [] an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo*. This means we need not defer to the determinations made by the lower

tribunals. To the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record.

***Summers v. Certainteed Corp.***, 997 A.2d 1152, 1159 (Pa. 2010) (citation omitted). "The application of the statute of limitations to an alleged cause of action is a matter of law to be determined by the court." ***Packer Soc'y Hill Travel Agency, Inc. v. Presbyterian Univ. Med. Ctr.***, 635 A.2d 649, 651 (Pa. Super. 1993). We, therefore, review Mortgagors claim *de novo*. ***Id.***

Section 5525(a)(7) of the Judicial Code provides a four-year statute of limitations for "[a]n action upon a negotiable or nonnegotiable bond, note, or other similar instrument in writing." 42 Pa.C.S.A. § 5525(a)(7). However, section 5529 states, in relevant part, "[n]otwithstanding section 5525[a](7), . . . an action upon an instrument in writing *under seal* must be commenced within 20 years." 42 Pa.C.S.A. § 5529(b)(1) (emphasis added). Thus, the proper limitation period hinges on whether the relevant documents were "under seal."

> The days of actual sealing of legal documents, in its original sense of the impression of an individual mark or device upon wax or wafer, or even on the parchment or paper itself, have long gone by. It is immaterial what device the impression bears[,] and the same stamp may serve for several parties in the same deed. Not only so, but the use of wax has almost entirely and even of wafers, very largely ceased. In short[,] sealing has become constructive, rather than actual, and is in a great degree a matter of intention.

***Lorah ex rel. Evans v. Nissley***, 27 A. 242, 242 (Pa. 1893) (citation omitted);

***see also Collins v. Tracy Grill & Bar Corp.***, 19 A.2d 617, 620 (Pa. Super.

1941) ("sealing has long since become constructive rather than actual and is now largely a matter of intention").

Here, after the signatures in each of the three instruments, an individual acknowledgement read:

> BE IT REMEMBERED, that on this 18th day of May, 2007[,] before me, the subscriber personally appeared [Appellants], who acknowledged under oath, to my satisfaction, that this person (or if more than one, each person): (a) is named in and personally signed this document; and (b) signed, **sealed** and delivered this document as his or his act and deed.

Mortgage, 5/18/07, at 4 (emphasis added). Following the acknowledgment, there was a notary seal and signature.

With respect to acknowledgments, our Supreme Court has held "[a]n acknowledgment is a judicial act and is conclusive of the facts certified in the absence of fraud." **Abraham v. Mihalich**, 479 A.2d 601, 603 (Pa. Super. 1984) (citations omitted). The acknowledgments certified that the mortgages were "signed, sealed and delivered." Mortgagors have made no claim of fraud. Therefore, we hold that the documents are constructively under seal. **See id.**

As the documents were under seal, a twenty-year statute of limitation applies. **See** 42 Pa.C.S.A. § 5529(b)(1). Valley National commenced these actions five years after TWI defaulted. Thus, Valley National timely commenced the foreclosure actions and the trial court properly ordered summary judgment in favor of Valley National.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/2019