**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| TANYA ANN SCRIVENER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| RUSSELL REES, M.D., ROBERT | : | |
| PACKER HOSPITAL AND GUTHRIE | : | |
| MEDICAL GROUP, PC | : | |
| | : | |
| Appellees | : | No. 266 MDA 2023 |

Appeal from the Order Entered January 20, 2023
In the Court of Common Pleas of Bradford County
Civil Division at No(s):  2017MM0001

BEFORE:   MURRAY, J., KING, J., and COLINS, J.*

MEMORANDUM BY KING, J.:                     **FILED: DECEMBER 13, 2023**

Appellant, Tanya Ann Scrivener, appeals from the order entered in the Bradford County Court of Common Pleas, which granted summary judgment in favor of Appellees, Russell Rees, M.D., Robert Packer Hospital and Guthrie Medical Group, PC.  We affirm.

The trial court opinion set forth the relevant facts and procedural history of this appeal as follows:

> [Appellant], through counsel, filed a complaint in medical negligence and *respondeat superior* against [Appellees] on March 30, 2017.  The complaint alleges that Dr. Russell Rees negligently caused injuries to [Appellant's] bladder, ureters and supporting structures during a hysterectomy performed by him that resulted in [Appellant] having to undergo multiple corrective surgeries and to suffer unresolved

_____

* Retired Senior Judge assigned to the Superior Court.

injuries, pain, and loss of function. The complaint attached a Certificate of Merit signed by [Appellant's] counsel certifying that an appropriate licensed professional has supplied a written statement … that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by [Appellees] … fell outside acceptable professional standards, and that such conduct was a cause in bringing about the harm.

* * *

On May 6, 2019, approximately two (2) years after the complaint was filed, [Appellant] filed a *praecipe* for a pretrial conference. In response, [the court] scheduled a status conference for August 14, 2019, to discuss the status of the case and the scheduling of deadlines … to move the matter forward. At [Appellees'] request, the status conference was continued, without objection, to September 11, 2019.

At the status conference, the parties agreed to the following deadlines: (i) Discovery: March 13, 2020; (ii) [Appellant's] expert report: May 15, 2020, with [Appellees'] and [Appellant's] supplemental report, if any, to follow on specified dates; (iii) Dispositive Motion: September 4, 2020. The parties agreed to promptly schedule and take the depositions of [Appellant] and Dr. Rees first, followed by approximately four to six depositions.

After receiving a letter from counsel dated February 19, 2020, advising that the parties were seeking a joint continuance of the case management deadlines, [the court] eventually issued an order acknowledging receipt of the letter, but because no motion, no proposed order, and no proposed new dates had yet been filed or received, [the court] directed [Appellant] to file, within sixty (60) days, a motion and proposed order with new dates and deadlines. [Appellant] did not file the motion as directed.

Two (2) years later, on March 8, 2022, due to (i) [Appellant's] failure to file a motion to extend the case management deadlines, (ii) [Appellant's] alleged failure to produce her expert report by the May 15, 2020, deadline, (iii) [Appellant's] alleged failure to identify her expert, and (iv) [Appellant's] counsel's alleged failure to respond to

communications from [Appellees'] counsel as to whether [Appellant] intended to proceed with the case, [Appellees] filed a Motion for Sanctions seeking to preclude [Appellant] from presenting any evidence or testifying at trial, including expert witness testimony.

On April 21, 2022, [Appellant] filed a response to [Appellees'] Motion for Sanctions that admitted, among other things, the above-mentioned allegations. [Appellant] also filed an Attorney Affirmation that attached emails from April to June of 2021, supporting [Appellant's] position that counsel had been communicating with each other in good faith and were in general agreement to move back the discovery deadline to September 30, 2021, and adjust the other deadlines accordingly. The Attorney Affirmation further provided explanations and excuses for [Appellant's] failure to conduct the deposition of Dr. Rees, [Appellant's] failure to produce an expert report, [Appellant's] failure to file a motion to extend the deadlines, and [Appellant's] failure to comply with all of the case management deadlines. These explanations and excuses included (i) the onset of Covid, (ii) the change of [Appellees'] attorneys, (iii) the departure of [Appellant's] attorney from his prior firm in order to start his own firm, (iv) the misunderstanding of [Appellant's] counsel as to his obligation to formally file a motion to extend the case management deadlines, and (v) the disorganization and understaffing of [Appellant's] counsel's new law firm combined with a full caseload that resulted in a crushing workload. [Appellant's] counsel also asserted that there was no prejudice to [Appellees] due to the delay, and that this case is not far off from being trial ready given that the only tasks left to complete are the deposition of Dr. Rees and the exchange of expert reports, … tasks [that] can comfortably be completed within 90 days.

One week later, by Order dated April 28, 2022, [the court] denied [Appellees'] Motion for Sanctions, without prejudice to [Appellees'] right to renew said Motion if [Appellant] does not diligently move this litigation forward, and scheduled the matter for a status conference on May 26, 2022. The Order indicated that at the status conference [the court] wanted to be advised as to recent progress as to the exchange of expert reports and the deposition of Dr. Rees, both of which tasks [Appellant's] counsel states can be completed within

90 days. [The court] also advised that [it] expected to implement a new scheduling order.

On the same day that [the court] denied the Motion for Sanctions, [Appellant] filed a Motion to Extend Discovery Deadlines, suggesting the following new deadlines:

a. 60 days to complete discovery (by 6/30/2022)
b. 90 days to complete the exchange of [Appellant's] expert reports (7/30/2022)
c. 120 day[s] for the defense t[o] complete the [exchange] of their expert reports (8/30/2022)
d. Dispositive briefs and motions by 9/30/2022
e. A pre-trial conference will be scheduled after the resolution of all dispositive motions

Neither [Appellant] nor her counsel appeared at the status conference on May 26, 2022. [Appellees'] counsel did participate. Notwithstanding [Appellant's] absence, on the record before [the court], [it] granted [Appellant's] Motion to Extend Discovery Deadlines and adopted the new case management dates proposed by [Appellant] in her motion.

The next action of record in this case occurred more than four (4) months later when, on September 29, 2022, one day before the dispositive motion deadline, [Appellees] filed [a] Motion for Summary Judgment and Memorandum of Law in Support thereof. By Order dated October 12, 2022, [the court] scheduled the motion for argument on December 2, 2022. [Appellant] filed a Response, Attorney Affirmation, and Motion to Extend Discovery Deadlines on November 2, 2022. The Response again admitted [Appellant's] failures and the Attorney Affirmation offered a new explanation for the recent failures, specifically an emergent heart issue of counsel's father that required two (2) surgeries and hospitalization, that finally stabilized at the end of June. As in April, counsel again asserted this case is not far off from being trial ready, with the only tasks left to complete being the deposition of Dr. Rees and the exchange of expert reports. Although the Attorney Affirmation mistakenly utilized the same April 18, 2022, date as the earlier Attorney Affirmation, and mistakenly requested in the prayer for relief that [Appellees'] Motion for Sanctions be denied,

[Appellant's] filing was clearly offered in response to [Appellees'] Motion for Summary Judgment, as [the court] had already denied [Appellees'] Motion for Sanctions six (6) months earlier. By Order dated November 7, 2022, [the court] scheduled [Appellant's] Motion to Extend Discovery Deadlines for argument on the same date and at the same time as argument on [Appellees'] Motion for Summary Judgment.

(Order and Opinion, filed 1/20/23, at 1-4) (internal citations and quotation marks omitted).

By opinion and order entered January 20, 2023, the court granted summary judgment in favor of Appellees and denied Appellant's motion to extend discovery deadlines as moot. In its opinion, the court emphasized that Appellant's failure to provide an expert report opining on Appellees' deviation from the standard of care amounted to "a substantive deficiency of proof in [Appellant's] cause of action," which warranted the entry of summary judgment in favor of Appellees. (**Id.** at 7) (citing **Grandelli v. Methodist Hosp.**, 777 A.2d 1138 (Pa.Super. 2001)). Appellant timely filed a notice of appeal on February 17, 2023. On February 22, 2023, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant subsequently complied.

Appellant now presents the following issues for our review:

That the trial court erred in not granting [Appellant's] motion for an extension of discovery deadlines to allow additional time to complete discovery and complete expert disclosure. The failure to grant [Appellant's] motion was unwarranted, unreasonable, improper, an abuse of discretion, and resulted in manifest injustice.

That the trial court erred in granting [Appellees'] motion for summary judgment since discovery was not complete. Granting [Appellees'] motion was unwarranted, unreasonable, improper, an abuse of discretion, and resulted in manifest injustice.

That the trial court failed to consider and/or give sufficient weight to the enumerated circumstances that prevented the completion of discovery within the timing of the scheduling order. Granting [Appellees'] motion for summary judgment without doing so, and denying [Appellant's] motion for an extension of the discovery deadlines without doing so, was unwarranted, unreasonable, improper, an abuse of discretion, and resulted in manifest injustice.

That the trial court failed to consider and/or give sufficient weight to defense counsel's refusal to schedule [Appellee Rees'] deposition within the timing of the scheduling order, and the role this played in [Appellant's] inability to comply with the expert disclosure schedule required by the scheduling order. Granting [Appellees'] motion for summary judgment without doing so, and denying [Appellant's] motion for an extension of the discovery deadlines without doing so, was unwarranted, unreasonable, improper, an abuse of discretion, and resulted in manifest injustice.

That the trial court failed to consider and/or impose any lesser outcome than granting the motion for summary judgment. Granting [Appellees'] motion for summary judgment without doing so, and denying [Appellant's] motion for an extension of the discovery deadlines without doing so, was unwarranted, unreasonable, improper, an abuse of discretion, and resulted in manifest injustice.

That the trial court failed to consider the manifest injustice visited on [Appellant] as a result of its failure to consider and/or direct lesser option to dismissal. Granting [Appellees'] motion for summary judgment without doing so, and denying [Appellant's] motion for an extension of the discovery deadlines without doing so, was unwarranted, unreasonable, improper, and an abuse of discretion.

That the trial court failed to consider that [Appellant's]

counsel did not receive notice of the May 26, 2022 conference, as set forth in paragraph 19 of [Appellant's] response to [Appellees'] motion for summary judgment. Granting [Appellees'] motion for summary judgment without doing so, and denying [Appellant's] motion for an extension of the discovery deadlines without doing so, was unwarranted, unreasonable, improper, an abuse of discretion, and resulted in manifest injustice.

That the trial court abused its discretion in granting [Appellees'] motion for summary judgment and denying [Appellant's] motion for an extension of discovery deadlines, resulting in a failure to give [Appellant] her day in court and denying an opportunity to have her claim decided on the merits.

(Appellant's Brief at 2-5).

In her issues combined, Appellant contends that "courts may disregard any error or defect of procedure which does not affect the substantial rights of the parties," and "[a]ny sanction imposed for a discovery [violation] must be commensurate with the violation."[1]  (*Id.* at 11-12).  Appellant maintains that the trial court's decision to grant summary judgment in favor of Appellees "was tantamount to a [discovery] sanction, which resulted in dismissal of the case[.]" (*Id.* at 11).  Because she believes that the court imposed a discovery sanction, Appellant insists that the court should have considered: 1) the nature and severity of the violation; 2) the defaulting party's willfulness or

---

[1] Pursuant to Pa.R.A.P. 2119(a), the argument shall be divided into as many parts as there are questions to be argued.  *See* Pa.R.A.P. 2119(a). Nevertheless, the argument section of Appellant's brief is not divided into sections that correspond to each question presented.  Rather, the argument section addresses one overarching theme: the court's entry of summary judgment in favor of Appellees amounted to an improper discovery sanction.

bad faith; 3) prejudice to the opposing party; 4) ability to cure prejudice; and 5) the importance of the precluded evidence in light of the failure to comply.[2] Appellant complains that the court erred by failing to consider these factors, which weighed in favor of a lesser sanction than dismissal. Appellant emphasizes that the "only piece of discovery to complete was the deposition of [Appellee] Rees," which was delayed because of a medical emergency in Appellant's counsel's family. (Appellant's Brief at 14). Under these circumstances, Appellant concludes that the court erred in granting Appellees' summary judgment motion. We disagree.

Appellate review of an order granting a summary judgment motion implicates the following principles:

> On appellate review, an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo*. This means we need not defer to the determinations made by the lower tribunals. To the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record.

*Valley National Bank v. Marchiano*, 221 A.3d 1220, 1222 (Pa.Super. 2019) (quoting *Summers v. Certainteed Corp.*, 606 Pa. 294, 307, 997 A.2d 1152, 1159 (2010)). Our scope of review is plenary. *Pappas v. Asbel*, 564 Pa.

---

[2] *See Croydon Plastics Co., Inc. v. Lower Bucks Cooling & Heating*, 698 A.2d 625, 629 (Pa.Super. 1997), *appeal denied*, 553 Pa. 689, 717 A.2d 1028 (1998).

407, 418, 768 A.2d 1089, 1095 (2001), *cert. denied*, 536 U.S. 938, 122 S.Ct. 2618, 153 L.Ed.2d 802 (2002).

> [W]e apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party.
>
> Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of [a] cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. In other words, whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense, which could be established by additional discovery or expert report and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Thus, a record that supports summary judgment either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense.
>
> Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions.

*Chenot v. A.P. Green Services, Inc.*, 895 A.2d 55, 61 (Pa.Super. 2006) (internal citations and quotation marks omitted).

The trial court granted Appellees' summary judgment motion pursuant to Pa.R.C.P. 1035.2(2), which provides as follows:

**Rule 1035.2.  Motion**

After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

\*     \*     \*

(2)  if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035.2(2).  "Where the order at issue is entered **not as a sanction**, but to address a substantive deficiency of proof in the cause of action, the order is properly subject to review under Rule 1035.2 and cases interpreting that rule."  ***Grandelli, supra*** at 1144 (emphasis added).

"The purpose of [Rule 1035.2] is to eliminate cases prior to trial where a party cannot make out a claim or a defense after relevant discovery has been completed."  ***Miller v. Sacred Heart Hosp.***, 753 A.2d 829, 833 (Pa.Super. 2000) (quoting ***Eaddy v. Hamaty***, 694 A.2d 639, 643 (Pa.Super. 1997)).  To establish a *prima facie* cause of action for medical negligence, a plaintiff must demonstrate:

(1) a duty owed by the physician to the patient; (2) a breach of that duty; (3) that the breach of duty was the proximate cause of the harm suffered by the patient; and (4) that the damages suffered were a direct result of that harm.

***Mazzie v. Lehigh Valley Hospital—Muhlenberg***, 257 A.3d 80, 87 (Pa.Super. 2021), *appeal denied*, ____ Pa. ____, 265 A.3d 205 (2021) (quoting

***Mitchell v. Shikora***, 653 Pa. 103, 116, 209 A.3d 307, 314 (2019)).

> Our courts have held that because the complexities of the human body place questions as to the cause of pain or injury beyond the knowledge of the average layperson, a medical malpractice plaintiff generally must produce the opinion of a medical expert to demonstrate the elements of [a] cause of action. Thus if, at the conclusion of discovery, the plaintiff fails to produce expert medical opinion addressing the elements of his cause of action within a reasonable degree of medical certainty, [the plaintiff has] failed to establish a *prima facie* case and may not proceed to trial. At this juncture, a moving party is entitled to summary judgment under Rule 1035.2. In the absence of competent evidence of medical opinion, the plaintiff may avoid summary judgment only if the matter … is so simple, and the lack of skill or want of care so obvious, as to be within the range of ordinary experience and comprehension of even non professional persons.[3]

***Miller, supra*** at 833 (internal citations and quotation marks omitted). ***See***

***also Mazzie, supra*** at 87 (reiterating that plaintiff in medical negligence case

must present expert witness who will testify, to reasonable degree of medical

certainty, regarding standard of care, that physician deviated from standard

of care, and such deviation was proximate cause of harm suffered).

Instantly, the trial court expressly stated that its January 20, 2023 order

was not a discovery sanction:

> When I considered [Appellees'] Motion for Sanctions in April of 2022, I did so subject to a different set of standards than

---

[3] Appellant does not aver that the facts at issue are so simple as to be within the range of ordinary experience and comprehension of non-professional persons. Instead, as the trial court observed, the response to the summary judgment motion indicated that Appellant's "trial expert has been arranged, and the only information necessary for him to complete his report [is] the deposition of [Appellee] Rees[.]" (Attorney Affirmation, filed 11/2/22, at ¶5).

those utilized for summary judgment. At that point in the proceedings, despite the fact that more than seven (7) years had passed since the surgery at issue, and despite the fact that [Appellant] was, according to the case management order then in place, two (2) years beyond the date by which discovery was to be completed and her expert report was to be produced, I determined it was not appropriate to foreclose [Appellant] from presenting evidence, including expert testimony, at trial. Accordingly, I denied [Appellees'] Motion for Sanctions and granted [Appellant's] Motion to Extend Discovery Deadlines, adopting the new deadlines that [Appellant] proposed. It is these deadlines upon which [Appellees] relied when preparing and filing their Motion for Summary Judgment. **I no longer have a motion for sanctions before me.**

Rather, currently pending is [Appellees'] Motion for Summary Judgment and, filed more than a month past the deadline for dispositive motions, [Appellant's] second Motion to Extend Discovery Deadlines. With respect to the summary judgment motion, [Appellees] have simply identified what the **Grandelli** Court called "a substantive deficiency of proof in [Appellant's] cause of action," *i.e.*, the absence of an expert report in which a qualified professional opines, within a reasonable degree of professional certainty, that Dr. Rees deviated from the standard of care and that such deviation proximately caused the harm suffered by [Appellant]. Here, without said report, which [Appellant] has yet to provide, [Appellant] cannot prevail at trial, and summary judgment in favor of [Appellees] and against [Appellant] is appropriate.

(Order and Opinion at 6-7) (some internal citations omitted) (emphasis added).

Because the trial court did not enter its order as a sanction, we review the order under Rule 1035.2 and the cases interpreting that rule. **See Grandelli, supra**. Based upon our examination of the certified record, we discern no error in the court's decision to grant Appellees' summary judgment

motion pursuant to Rule 1035.2. Appellant needed to produce a medical expert's opinion and, without one, Appellant could not establish a *prima facie* case of medical negligence. **See Miller, supra**. On this basis, the court properly granted Appellees' summary judgment motion. **See Valley National Bank, supra**; **Chenot, supra**. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/13/2023