J-A15021-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| RHONDA MELVIN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PETER SELLANI AND 240-242 | : | No. 1234 MDA 2024 |
| PHILADELPHIA AVE, LLC | : | |

Appeal from the Order Entered July 24, 2024
In the Court of Common Pleas of Luzerne County
Civil Division at No:  2019-10127

BEFORE:   BOWES, J., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                 **FILED: DECEMBER 31, 2025**

Appellant, Rhonda Melvin, appeals from the July 24, 2024, order granting summary judgment in favor of Appellees, Peter Sellani and 240-242 Philadelphia Ave, LLC.  We affirm.

The record reveals[1] that Appellant slipped and fell on the sidewalk of Appellees' property on the afternoon of January 17, 2018.  Appellee 240-242 Philadelphia Ave, LLC (hereinafter the "Ownership") owns the apartment complex in West Pittston, Luzerne County, where Appellant lives.  Appellee Peter Sellani is a partner in the Ownership and the property manager.  Thus, he is responsible for snow removal there.  Appellant testified in her deposition

_____

[*] Former Justice specially assigned to the Superior Court.

[1]  The pertinent facts are undisputed.

that snow was falling and accumulating when she arrived at work at 6:30 a.m. on the day she was injured. The snow had stopped by the time Appellant left work at 3:00 p.m. Upon arriving home, Appellant noted three to five inches of accumulated snow. Appellant walked from her car to her apartment without incident, but shortly thereafter she walked back outside and slipped and fell on a sidewalk. Appellant testified that the sidewalk was covered with snow and ice at the time of her fall. She produced photographs of the area where she fell but was unable to say whether the pictures were taken the same day. Appellant suffered a fractured ankle that required surgical repair. Sellani testified at his deposition that he arrived at the apartment complex and began removing snow at 9:30 a.m. that day, by which point the snow had stopped falling. Sellani said the snowfall was heavy, and he was still working on snow removal at the time of Appellant's fall. He had not salted the sidewalks as of the time of the fall.

Appellant claims the snow was not removed promptly and that the accumulated snow caused her to fall and sustain injuries. On August 13, 2019, Appellant filed a complaint alleging a negligence cause of action against each Appellee. The matter proceeded through discovery, and both Appellees filed motions for summary judgment in April of 2024. After hearing argument, the trial court entered the order that is the subject of this timely appeal.

Appellant presents two questions. The first is whether Appellant produced sufficient evidence to avoid summary judgment under the hills and

ridges doctrine. The second is whether the trial court violated the **Nanty Glo**[2] rule by relying on oral testimony in granting Appellees' summary judgment motion. Appellant's Brief at 4.

Summary judgment is appropriate "whenever there is no genuine issue of any material fact as to a necessary cause of action or defense which could be established by additional discovery or […] if, after completion of discovery relevant to the motion […] an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action[.]" Pa.R.Civ.P. 1035.2. Summary judgment is appropriate only if the case is "clear and free from doubt." **Bourgeois. v. Snow Time, Inc.**, 242 A.2d 637, 650 (Pa. 2020). The moving party bears the burden of demonstrating the absence of any issue of fact, and the court must evaluate the record in a light most favorable to the non-moving party. **Id.**

"On appellate review, an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion." **Valley Nat'l Bank v. Marchiano**, 221 A.3d 1220, 1222 (Pa. Super. 2019). "But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is de novo." **Id.** "This means we need not defer to the determinations made by the lower tribunals. To the extent that this Court

---

[2] **Borough of Nanty-Glo v. American Sur. Co. of New York**, 163 A. 523 (Pa. 1932).

must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record." *Id.* "In making this assessment, we view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Phillips v. Cricket Lighters*, 841 A.2d 1000, 1004 (Pa. 2003).

With her first argument, Appellant claims she has established a triable issue of fact as to each element of her negligence claim. In particular, Appellant argues there is a genuine issue of fact as to whether Appellees allowed hills and ridges of snow to accumulate, and she argues that there is a genuine issue of fact as to whether Appellees acted to remove the snow within a reasonable amount of time.

We begin with the hills and ridges doctrine, and its application to Appellant's negligence action. To prevail on her negligence action against Appellees, Appellant must establish that they owed her a duty of care, that they breached that duty, that the breach caused Appellant's injury, and that Appellant suffered actual damages. *Collins v. Philadelphia Sub. Dev. Corp.*, 179 A.3d 69, 73 (Pa. Super. 2018). Where the defendant is a possessor of land and the plaintiff is an invitee, the plaintiff must establish that the former "knows of or reasonably should have known of the condition and the condition involves an unreasonable risk of harm, [the possessor] should expect that the invitee will not realize it or will fail to protect [himself]

- 4 -

against it, and the [possessor] fails to exercise reasonable care to protect the invitee against the danger. *Id.* at 74 (quoting *Estate of Swift v. Northeastern Hosp. of Philadelphia*, 690 A.2d 719, 722 (Pa. Super. 1997)). The hills and ridges doctrine, in turn, "is a refinement or clarification of the duty owed by a possessor of land and is applicable to a single type of dangerous condition, *i.e.*, ice and snow." *Id.* (quoting *Wentz v. Pennswood Apartments*, 518 A.2d 314, 316 (Pa. Super. 1986)). The hills and ridges doctrine "protects an owner or occupier of land from liability for generally slippery conditions resulting from ice and snow where the owner has not permitted the ice and snow to unreasonably accumulate in ridges or elevations." *Id.* at 72.

Thus, in order to recover for a slip and fall on ice or snow, the plaintiff must prove:

> (1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians travelling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such condition; [and] (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall.
>
> This Court has further opined that 'the only duty upon the property owner or tenant is to act within a reasonable time after notice to remove [the snow and ice] when it is in a dangerous condition.'

*Id.* at 74 (quoting *Biernacki v. Presque Isle Condo. Unit Owner's Ass'n, Inc.*, 828 A.2d 1114, 1117 (Pa. Super. 2003)). The plaintiff must prove all

prongs to overcome the hills and ridges doctrine. ***Rinald v. Levine***, 176 A.2d 623, 626 (Pa. 1962).

Instantly, Appellant relies on photographs to establish that the accumulated snow unreasonably obstructed travel and posed a danger to a passersby. Appellant's Brief at 21. She failed to establish, however, when the photographs were taken. According to her own deposition testimony, the photographs could have been taken one day after her fall. N.T. Melvin Deposition, 8/24/20, at 67-70. Appellant testified that a friend came and took photos on either the evening of the day Appellant fell or the morning after. *Id.* at 67. Likewise, Appellant's ex-husband took photos of the scene of the fall but could not say when they were taken:

Q. When did [your ex-husband] take photos?

A. I do not know.

Q. Was it on the date of the fall or shortly thereafter?

A. I can't say. I don't know when he took the photos.

[…]

Q. But you're not able to tell me that any of the photographs that were supplied were actually taken on the date of the fall. You don't know.

A. Honestly, I don't know.

*Id.* at 68-69.

Given the absence of evidence as to when the photographs of the scene were taken, they cannot establish a material issue of fact as to whether

Appellees were under a duty to remedy hills and ridges of snow at the time of Appellant's fall.

Likewise, Appellant's reliance on Sellani's testimony is of no avail. Sellani testified that a "heavy snow" fell on the day of Appellant's fall, and that there were big chunks of snow and ice in the street. N.T. Sellani Deposition, 8/24/20, at 37 ("There was heavy snow, Attorney Munley, in the street, big ice. There were big chunks of snow in the street."). Because Appellant alleges that she fell on a sidewalk, not on the street, Sellani's testimony does not create a material issue of fact as to the condition of the location of Appellant's fall.

We further observe that Appellant failed to establish that an unreasonable amount of time passed in between the snowstorm and the alleged dangerous accumulation. By Appellant's own testimony, it was snowing when she arrived at work at 6:30 a.m. on the day of the fall, and had stopped by 3:00 p.m., when she left. Three to five inches of snow accumulated in the interim. Sellani testified that he began removing snow at 9:30 a.m., and Appellant observed that he was still at work when Appellant arrived at home. Even if the snow stopped immediately when Appellant arrived at work, she cites no law to support an argument that a three-hour delay between the cessation of the snow and the beginning of the clean-up effort constitutes an unreasonable delay.

Finally, there is no merit to Appellant's argument under the *Nanty-Glo* rule. In *Penn Center House, Inc. v. Hoffman*, 553 A.2d 900 (Pa. 1989), our Supreme Court explained: "The *Nanty–Glo* rule means that [t]estimonial affidavits of the **moving party** or his witnesses, not documentary, even if uncontradicted, will not afford sufficient basis for the entry of summary judgment, since the credibility of the testimony is still a matter for the jury." *Id.* at 176 (emphasis added). The trial court did not grant summary judgment based on the moving party's testimonial evidence. Rather, the trial court concluded that Appellant failed, in the first instance, to establish a triable issue of material fact. Thus, the trial court's ruling did not violate the *Nanty-Glo* rule.

For all the foregoing reasons, we affirm the trial court's order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>12/31/2025</u>